**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**RUSSELL SELMAN #1649450** § 
 §
**V.** § **A-11-CA-971-SS**
 §
**DEPUTY BRYAN SCOGGINS**

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendant's Motion for Summary Judgment (Document No. 11); and Plaintiff's response thereto (Document No. 16). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I.  BACKGROUND**

At the time he filed his complaint, Plaintiff was confined in the Hutchins State Jail. Plaintiff was subsequently transferred to the Dawson State Jail. Plaintiff complains of actions taken during his arrest in Llano County, Texas.

Plaintiff accuses Deputy Bryan Scoggins of using excessive force during Plaintiff's arrest. According to Plaintiff, he was already in handcuffs when Deputy Scoggins detained him. Plaintiff alleges he was following officers' orders when he was knocked unconscious. Plaintiff asserts he has

no memory of being transported to the Llano County Hospital. Plaintiff indicates he had a fracture near his left eye socket and a fractured clavicle. Plaintiff alleges he still suffers from unbearable headaches, blurry vision, and sharp pains in the neck and collar area. Plaintiff sues Deputy Scoggins and seeks an unspecified amount of monetary damages.

According to Defendant Scoggins, Plaintiff was arrested on September 20, 2009, after Llano County Sheriff's deputies found a substantial amount of methamphetamine and methamphetamine production equipment and materials in Plaintiff's house. Defendant Scoggins indicates Plaintiff escaped his arrest and fled custody with his hands cuffed behind his back. Defendant Scoggins indicates he found Plaintiff over 30 hours later. Defendant Scoggins alleges Plaintiff once again resisted arrest and attempted to flee. Defendant Scoggins asserts he deployed his Taser to prevent Plaintiff from fleeing.

Defendant Scoggins moves for summary judgment. He argues Plaintiff's claims are time-barred. Defendant further argues Plaintiff's claims are without merit and Defendant is protected by qualified immunity. Defendant contends Plaintiff's injuries were caused by his decision to escape from and evade custody. Defendant also contends he acted in good faith during Plaintiff's arrest. To the extent Plaintiff is suing Defendant Scoggins in his official capacity, Defendant argues Plaintiff has not alleged a policy, practice or custom that caused his injuries.

## II. ANALYSIS

A.    Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v.

Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992).

When a motion for summary judgment is made and supported, an adverse party may not rest upon

mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial.

Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process.

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of

proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322,

106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the

absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id.

at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce

evidence in support of its claims or affirmative defenses . . . designating specific facts showing that

there is a genuine issue for trial."  Id. at 324, 106 S. Ct. at 2553.  The non-moving party must

produce "specific facts" showing a genuine issue for trial, not mere general allegations.  Tubacex

v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the

light most favorable to the party opposing summary judgment and indulge all reasonable inferences

in favor of that party.  The Fifth Circuit has concluded "[t]he standard of review is not merely

whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational

---

[1]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law.  Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

  B.  Statute of Limitations

   Defendant Scoggins argues Plaintiff's claims are time-barred.  There is no federal statute of limitations for § 1983 actions.  Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989).  In Texas, the applicable limitations period is two years.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

   Defendant Scoggins arrested Plaintiff on September 22, 2009.  Plaintiff alleges his injuries were sustained during this arrest.  Although Plaintiff indicates he executed his complaint on September 20, 2011, two days before the limitations period expired, the Court did not receive the complaint until November 14, 2011.

   In his response to Defendant's Motion for Summary Judgment Plaintiff states he mailed his complaint to the wrong address.  Plaintiff attaches to his response his envelope post-marked September 21, 2011, addressed to "United State[s] District Clerk Attn. Office of Joyce Gillow, P.O. Box 877, Llano, TX. 78643."  According to Plaintiff, this was the address provided to him by the law library at the state jail.  Plaintiff also attaches Ms. Gillow's letter returning his mail to him and

explaining he mailed it to the wrong court.  On October 28, 2011, Ms. Gillow's letter was received at TDCJ, placed with general correspondence and mistakenly opened outside Plaintiff's presence.

Even if the limitations period was equitably tolled from the date Plaintiff mailed his complaint to the wrong address until his complaint was returned to him, his complaint would still be time-barred.  When Plaintiff executed his complaint on September 20, 2009, only two days remained of the one-year limitations period.  Plaintiff's complaint was returned on October 28, 2011. Plaintiff waited more than two days after his complaint was returned to mail his complaint to this Court.  Plaintiff's complaint was received by the Court on November 14, 2011.  It was accompanied by Plaintiff's application to proceed in forma pauperis, which was executed on November 8, 2011. This is the earliest Plaintiff could have placed his complaint in the prison mail system, which is after the limitations period expired.  Accordingly, Plaintiff's complaint is time-barred.

C.    Qualified Immunity

Alternatively, Defendant Scoggins is entitled to qualified immunity.  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982).  Immunity in this sense means immunity from suit, not merely from liability.  Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992).  "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).  To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time

of the incident.  Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted).  To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations."  Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).  More recently, the Court has held that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808 (2009).

Claims of excessive force in the course of a seizure are analyzed under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865 (1989). "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need  and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted).  "In gauging the objective reasonableness of the force used," the court "must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996). Construing the facts most favorably to Plaintiff, the evidence reflects that Deputy Scoggins did not engage in excessive use of force against Plaintiff or did not act in an objectively unreasonable manner.

According to Defendant Scoggins, at approximately 3:23 a.m. on September 22, 2011, he received a call from the Llano County Sheriff's Office dispatch directing him to the intersection of

County Road 302 and Ranch Road 1431 in reference to a man in a trash can.  See Defendant's Exh. 1-A, Affidavit of Bryan Scoggins, at ¶ 5.  Scoggins arrived at approximately 3:29 a.m. and noticed a person laying on the ground under some finger cactus.  Id. at ¶ 6-7.  Scoggins drew his service weapon and told the subject to come out and show his hands.  Id. at ¶ 7.  The subject stood up with his hands already cuffed behind his back.  Id.  Scoggins identified the subject as the plaintiff, who had escaped custody 30 hours earlier.  Id.

While Scoggins was holstering his weapon, he told Plaintiff he was under arrest and to remain where he was laying on the ground.  Id. at ¶ 9.  As Scoggins was stepping toward Plaintiff, Plaintiff said, 'f**k this' and took off running toward County Road 302 and Scoggins patrol car.  Id. at ¶ 9-10.  Scoggins gave chase, telling Plaintiff to stop, but Plaintiff continued to run.  Id. at ¶ 9. Scoggins deployed his Taser, making contact with Plaintiff.  Id. at ¶ 10.  Plaintiff fell to the ground near Scoggin's patrol car.  Id.  Deputy Clay Kleen arrived on the scene to assist.  Id. at ¶ 11. However, Plaintiff was unable to stand.  Id.  Scoggins believed Plaintiff was not doing well after his escape from custody.  Id. at ¶ 12.  Plaintiff was not wearing shoes, his socks were worn down, his body was covered in scrapes, and his hands appeared to have the circulation cut off.  Id.  Scoggins called dispatch and advised Emergency Medical Services were needed.  Id. at ¶ 13.

Defendant Scoggins also provides the Court with the affidavit of Clay Kleen.  See Defendant's Exh. 1-C, Affidavit of Clay Kleen.  Kleen attests on September 22, 2009, he arrived on the scene to assist Scoggins.  Id. at ¶ 4.  When Kleen arrived, he observed Plaintiff running toward County Road 302, a heavily wooded area.  Id.  He observed Scoggins deploy his Taser.  Id. at ¶ 5. Plaintiff fell to the ground and began moaning.  Id.  Kleen helped Plaintiff sit up, because he had fallen face down in a mud puddle.  Id.  Kleen noticed colored liquid oozing from Plaintiff's eyes.

Id. at ¶ 6.  Kleen indicated it looked like Plaintiff had an extremely bad case of pink eye.  Id.  EMS was called.  Id.  Kleen attests, prior to the arrival of EMS, deputies attempted to remove the handcuffs from Plaintiff but were unable due to the swelling in Plaintiff's wrists.  Id. at ¶ 7.  Kleen asserts they were unable to unlock the handcuffs, because they had been packed with dirt, sand and debris during Plaintiff's time on the run.  Id.  However, EMS was able to cut the links between the handcuffs which allowed Plaintiff to separate his hands.  Id.

In his response to Defendant's Motion for Summary Judgment Plaintiff states he had no memory of what had happened during his arrest.  After viewing the video of his arrest, Plaintiff states it is now obvious his injuries were caused when he was knocked unconscious after striking the ground after he had been tased.  Plaintiff asserts that because his hands were handcuffed behind his back at the time he was tased, he was prevented from using his arms to brace his fall.

Plaintiff fails to present any evidence to address the issue of Defendant Scoggins's qualified immunity.  The summary judgment evidence offered by Defendant Scoggins affirmatively demonstrates that Defendant Scoggins did not violate Plaintiff's constitutional rights to be free from excessive force, and that he is entitled to qualified immunity.  Further, even if Defendant Scoggins had violated any of Plaintiff's clearly established constitutional rights, the undisputed evidence shows that Defendant Scoggins's behavior was objectively reasonable under the circumstances.  Specifically, Plaintiff fails to refute the fact he ran from Scoggins after Scoggins told him he was under arrest and to stay where he was laying on the ground.  Although the video evidence did not capture the entire incident, it does support the officer's affidavit and shows Plaintiff running from Scoggins toward Scoggins's patrol car when he was tased.  Accordingly, Defendant Scoggins is entitled to qualified immunity.

D.    Municipality Liability

Plaintiff's claims brought Defendant Scoggins in his official capacity also fail. As explained by Defendant, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior.  Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id;  Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992).  Thus, Llano County can violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action can represent an act of official government "policy." Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986).  Plaintiff has failed to identify a policy, practice or custom of Llano County that caused a deprivation of his constitutional rights.

## III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment [#11].

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of May, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE